UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSE D. COLON, | Case No. 2:22-cv-01595-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Jose D. Colon ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance ("DIB") under Title II of the Social Security Act (the "Act"). ECF No. 21. On January 30, 2023, the Commissioner filed a Cross-Motion to Affirm and Response to Plaintiff's Motion for Reversal and Remand. ECF Nos. 22, 23. On February 21, 2023, Plaintiff filed his Reply. ECF No. 24. For the reasons stated below, the Commissioner's decision is affirmed.

**I.    BACKGROUND**

Plaintiff filed an application for DIB on July 29, 2019 alleging disability beginning on May 23, 2019. Administrative Record ("AR") 337-338.[1] The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. AR 200-204, 207-213. This was followed by Plaintiff's request for a hearing before an Administrative Law Judge ("ALJ"). AR 214. The ALJ held a hearing on June 10, 2021. AR 63. On August 23, 2021, the ALJ issued a decision finding Plaintiff not disabled. AR 31-51. Plaintiff requested review of the ALJ's decision (AR 336), which was denied by the Appeals Council on August 12, 2022. AR 3-8. Plaintiff now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

---

[1]    Plaintiff concurrently filed an application for supplemental Social Security income on August 20, 2019. AR 339-348.

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, --U.S.--, 139 S.Ct. 1148, 1154 (2019)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. DISCUSSION

A.  **Establishing Disability Under the Act**.

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

At step one, the ALJ found Plaintiff meets the insured status required by the Act through December 31, 2024 and has not engaged in substantial gainful activity since May 19, 2019, the alleged disability onset date. AR 36. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, tendinosis of the bilateral shoulders, major depressive disorder, panic disorder, mild cognitive impairment, attention deficit disorder, and posttraumatic stress disorder. AR 36. At step three, the ALJ found none of Plaintiff's severe impairments, considered singly or in combination, met or medically equaled the criteria of any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. AR 36.

In preparation for step four, the ALJ determined Plaintiff "has the residual functional capacity [("RFC")] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: frequent foot controls bilaterally; frequent hand controls bilaterally; occasionally overhead reaching bilaterally; frequently reaching in other directions bilaterally; frequent handling, fingering, and feeling bilaterally; occasional ramps and stairs; occasional ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching, and crawling; no unprotected heights; frequent moving mechanical parts; occasional motor vehicle operation; occasional exposure to vibration; limited to tasks that can be learned in three to six months; frequent contact with supervisors and coworkers but only occasional public contact; time off task can be accompanied by normal breaks." AR 40.

At step four, the ALJ concluded Plaintiff is capable of performing past relevant work as a security guard and gate guard. AR 48. The ALJ stated "[t]his work does not require the performance of work-related activities precluded by" Plaintiff's RFC. AR 48. The ALJ based this determination on the entirety of the record, including Plaintiff's work history, income records, and the testimony of a Vocational Expert (the "VE") who compared the requirements of Plaintiff's prior jobs as a security guard and gate guard to the ALJ's determined restrictions and found Plaintiff was capable of performing the job in both actual and general performance. AR 49. In addition, as an alternative to step five, the ALJ determined there were other jobs in the national economy that Plaintiff could perform resulting in a finding that Plaintiff was not disabled. 20 C.F.R. pt. 404, subpt. P, app. 2. AR 49. Because the ALJ concluded Plaintiff could perform his past relevant work as a security

1  guard and gate guard, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from May 19, 2019 through the date of the ALJ's decision.  AR 51.

**B.      Plaintiff's Claims**.

      1.      <u>Plaintiff Argues the ALJ Failed to Properly Evaluate the Opinions of Nurse Practitioner Joan Dawn Galang</u>.

Plaintiff argues the ALJ failed to properly consider the May 2019 observation by Joan Dawn Galang ("Galang"), APRN-C, in finding Plaintiff not disabled.  ECF No. 21 at 8.  Specifically, while Plaintiff agrees with the ALJ's assessment that Plaintiff has a pushing, pulling, and lifting tolerance of no more than twenty pounds, Plaintiff disputes the ALJ's failure to consider Galang's opinion that Plaintiff has a work capacity for no more than thirty hours per week.  *Id.* at 9 *citing* AR 645.  Plaintiff argues that by failing to review Galang's opinion regarding Plaintiff's maximum work schedule the ALJ committed serious error.  Plaintiff contends if Galang's opinion is accepted, this would lead to an automatic determination of disability.  *Id.*

Plaintiff notes Galang performed a second assessment of Plaintiff in January 2021 where she assigned additional stringent functional limitations on Plaintiff's ability to work.  *Id.* at 10 *citing* AR 1112.  The ALJ determined these findings were "extreme" and found them unpersuasive.  *Id. citing* AR 47.  Plaintiff accuses the ALJ of contradicting herself by finding certain portions of Galang's 2019 observation (the functional limitations) persuasive but not others such as the length of time Plaintiff could work.  *Id.*

Plaintiff avers that because there are no outstanding issues that must be resolved before a determination of disability is made, the Court should credit the evidence in question and reverse and reward benefits to Plaintiff.  *Id.* at 10-11.  In the alternative, Plaintiff asks the Court to remand this matter for further proceedings.  *Id.*

      2.      <u>Plaintiff Argues the ALJ Failed to Properly Evaluate the Opinions of Consultative Psychologist Jessica Browning</u>.

Plaintiff contends the ALJ failed to consider supportability when determining the medical opinion of Dr. Jessica Browning, Ph.D., was only "a little persuasive."  *Id.* at 11-12 *citing* AR 48.  Plaintiff says Dr. Browning had the valuable experience of administering several psychological tests

1  to Defendant, each of which Plaintiff scored in the "extremely low" or "severe impairment"
2  category. *Id.* at 12 *citing* AR 652, 653, 654, 655, 656, 658. Plaintiff argues the ALJ ignored this
3  objective evidence without explanation. *Id.*

4  Plaintiff takes issue with the ALJ's analysis of the psychological tests administered by Dr.
5  Browning focusing on the portion of Dr. Browning's opinion where the doctor states the test scores
6  may indicate some level of exaggeration. *Id.* at 13 *citing* AR 48. Plaintiff cites Dr. Browning's
7  observations that the test results, while unusual, are not enough to render the test results
8  uninterpretable. *Id. citing* AR 658, 659. Plaintiff further points to numerous progress notes from
9  May 2019 through January 2021 in which Plaintiff displayed physical and psychological health
10 issues. *Id.* at 14-15 *citing* AR 723, 724, 729, 730, 733, 736, 912, 916, 918, 919, 928, 929, 931, 932,
11 934, 935, 939, 940, 1118, 1119. Plaintiff contends this evidence directly contradicts the ALJ's
12 characterization of the medical record. *Id.* at 15. Plaintiff also argues that Dr. Browning's
13 psychological evaluations have increased scientific value in terms of evaluating disability because
14 they were conducted over the course of two days rather than in monthly intervals. *Id.* According to
15 Plaintiff, the ALJ erred by ignoring these psychological tests as well as Plaintiff's self-reports. *Id.*
16 Consequently, Plaintiff argues the Court should remand this matter for further proceedings. *Id.*

17 **C.** **The Commissioner's Response.**

18     1. <u>The Commissioner Argues the ALJ Reasonably Evaluated the Medical Opinions of Advanced Practitioner Nurse Galang and Dr. Browning</u>.
19

20 The Commissioner states when crafting the RFC, the ALJ properly evaluated the entirety of
21 the medical record, including the medical opinions of Galang and Dr. Browning. ECF No. 22 at 3
22 *citing* AR 46-48. The Commissioner reminds the Court that this case was filed after March 27, 2017
23 thus requiring application of the new Social Security regulations ("SSR" or "SSRs") at 20 C.F.R. §
24 404.1520c(a). *Id.* at 4. The Commissioner says the Court must evaluate the medical opinions in this
25 case, including those of Galang and Dr. Browning, by looking at the respective opinion's
26 supportability and consistency with the overall medical record. *Id. citing* 20 C.F.R. § 404.1520c(c).
27 The Commissioner reminds the Court that an ALJ's decision to discredit any medical opinion must
28 simply be supported by substantial evidence. *Id.* at 5.

              *i.*      *Galang*

The Commissioner cites the ALJ's determination that Galang's May 2019 observation of Plaintiff's physical limitation was generally persuasive. *Id. citing* AR 46-47. Specifically, the ALJ found Galang's opinion regarding Plaintiff's ability to push, pull, and lift up to twenty pounds was consistent with the overall record. *Id. citing id.* Conversely, in January 2021 Galang opined that Plaintiff could perform low-stress work; sit for up to two hours; stand or walk up to two hours in an eight-hour workday; frequently lift and carry up to 20 pounds; would need to change positions from sitting, standing, or walking at will; would need unscheduled breaks of 15 to 30 minutes; and would be absent from work about four days per month. *Id. citing* AR 1110-1112. The Commissioner argues the ALJ properly deemed this opinion unpersuasive because it was not consistent with the evidence in the record. *Id. citing* AR 47. The Commissioner points to the ALJ's analysis of Galang's reasoning and statements and how they conflicted with Galang's actual findings. *Id. citing id.*

Regarding the portion of Galang's May 2019 opinion in which she concluded Plaintiff could only work part-time, the Commissioner contends a claimant's ability to perform regular or continuing work are "reserved to the Commissioner." *Id.* at 6 *citing* 20 C.F.R. § 404.1520b(c)(3).

              *ii.*     *Dr. Browning*

The Commissioner asserts that the ALJ did not err by finding Dr. Browning's May 2019 medical opinion only slightly persuasive. *Id. citing* AR 48. The Commissioner cites the ALJ's conclusion that while Dr. Browning's opinion was supported by significant explanation, Dr. Browning also acknowledged there could be inaccuracies in the psychological tests administered to Plaintiff and exaggeration of the problems Plaintiff claims to experience. *Id. citing id.* In addition, the Commissioner contends the ALJ finding that Dr. Browning's opinions were inconsistent with the medical record was reasonable. *Id. citing id.*

Regarding the supportability of the ALJ's findings, the Commissioner reiterates that Dr. Browning cast doubt on her own findings when she admitted the test results may not have been completely reliable. *Id.* at 7-9 *citing id.* With respect to consistency, the Commissioner disputes Plaintiff's focus on the two-day period spent by Dr. Browning observing Plaintiff and the value such observation confers on Dr. Browning's work. *Id.* at 9. Instead, the Commissioner contends the

medical record must be viewed longitudinally, as the ALJ did here, to analyze the consistency of a specific medical opinion. *Id.*

The Commissioner contends the ALJ's reliance on objective findings by other health care providers when discounting Dr. Browning's findings was sound. *Id. citing* AR 39. According to the Commissioner, this is evidenced by the ALJ's noting thirteen different reports on Plaintiff's mental health that are in direct contrast with Dr. Browning's extreme limitations findings. *Id.* at 10 *citing* AR 48. The Commissioner disputes the ALJ entirely discredited Plaintiff's testimony or abnormal findings, arguing the ALJ measured these factors against evidence of Plaintiff's mental stability in the overall record leading to the narrowly tailored RFC. *Id.* at 11 *citing* AR 40. The Commissioner contends the ALJ's analysis was thorough and accurate referencing as examples three separate examinations of Plaintiff in which he displayed normal mental symptoms and cognitive behavior (July 2020), abnormal concentration because Plaintiff voluntarily discontinued use of Adderall (October 2020), and normal mental health findings when Plaintiff adhered to his medication prescriptions (January 2021). *Id.* at 11-12 citing AR 926, 915-916, 1118-1119. The Commissioner contends the ALJ's finding that Dr. Browning's opined limitations were reasonable and should not be disturbed by this Court through either a remand and/or reversal. *Id.* at 13.

**D.     Summary of the ALJ's Findings.**

The ALJ identified as severe Plaintiff's physical impairments of degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, carpal tunnel syndrome, tendinosis of the bilateral shoulders, major depressive disorder, panic disorder, mild cognitive impairment, attention deficit disorder, and posttraumatic stress disorder. AR 36. The ALJ then stated that none of the severe impairments, taken singularly or in combination, met or equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. AR 37. The ALJ concluded Plaintiff's mental impairments did not meet the necessary criteria under "paragraph B" and "paragraph C" of the applicable Social Security Regulations to qualify as a disability.[2] AR 38.

---

[2]     Although not cited by the ALJ, the section relating to mental disorders contained in the Listings at 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A states in relevant part:
   Paragraph B of each listing (except 12.05) provides the functional criteria we assess, in conjunction with a rating scale (see 12.00E and 12.00F), to evaluate how your mental disorder limits your functioning. These criteria represent the areas of mental functioning a person uses in a work setting. They are: Understand,

With respect to these criteria the ALJ found:

- Plaintiff had a mild limitation in understanding, remembering, and applying information. AR 39. The ALJ discussed the May 2019 neuropsychological evaluation administered by Dr. Browning during which Plaintiff took a series of tests, including the Mini Mental Status Exam, WAIS-IV intellectual capacity test, the Hand Dynamometer Test of Grip Strength and the Manual Finger Tapping Test, the Woodcock-Johnson IV Tests of Achievement, and the Personality Assessment Inventory. *Id. citing* AR 651-658. The ALJ noted Dr. Browning's statement that Plaintiff's personality test (without identifying to which test this referenced) results might not be completely accurate as Plaintiff tended to exaggerate his problems and symptoms possibly altering the test results. *Id. citing* AR 651.

- Plaintiff did not have more than a moderate limitation in his ability to interact with others. *Id.* The ALJ noted Plaintiff's indication that he was anti-social and did not get along well with others, although he could drive and go out alone. *Id. citing* AR 480. The ALJ cited objective medical evidence in the record of Plaintiff displaying normal mental tendencies, a cooperative demeanor, minor problems with human interaction, and only rare instances of mood deficits. *Id. citing* AR 651, 724, 730, 733, 736, 912, 913, 916, 919, 926, 929, 932, 935, 940, 1118, 1119, 1135-1138.

- Plaintiff did not have more than a moderate limitation in the area of concentration, persistence, and maintaining pace. AR 39-40. The ALJ noted Plaintiff's statement that he had problems with all three and that he had some difficulty in focusing on doing more than one task at a time. *Id. citing* AR 480. However, the ALJ cited the record evidence showing Plaintiff exhibiting normal mental signs in the May 2019 exams administered

---

remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. … To satisfy the paragraph B criteria, your mental disorder must result in "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning.

Paragraph C of listings … provides the criteria we use to evaluate "serious and persistent mental disorders." To satisfy the paragraph C criteria, your mental disorder must be "serious and persistent"; that is, there must be a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2 (see 12.00G).

        by Dr. Browning as well as Plaintiff's history of semi-skilled and unskilled work and transferable skills (AR 1135-1138).

- Plaintiff has a mild limitation in the field of adapting and managing himself. AR 40. The ALJ noted Plaintiff's physical, not mental, barriers in personal care matters such as bathing, dressing, and eating. *Id. citing* AR 475-478. The ALJ also considered the objective evidence showing, despite these physical challenges, Plaintiff was able to perform these activities, along with other household chores independently. *Id. citing id.*

Because the ALJ concluded Plaintiff did not bear at least two "marked" limitations or one "extreme" mental limitation, the ALJ found the "paragraph B" criteria was not satisfied. *Id.* Because the record did not reflect Plaintiff had minimal capacity to adapt to changes in his life, the ALJ determined that the "paragraph C" criteria were not satisfied. *Id.*

        After crafting Plaintiff's RFC, the ALJ discussed her evaluation of Plaintiff's medical history as it related to his physical and mental ailments. AR 41-46. The ALJ then moved to a discussion of the various medical opinions in the record, including those of Galang and Dr. Browning. AR 46-48.[3] While the ALJ found Galang's opinion pertaining to Plaintiff's physical capacity "generally persuasive," she found extreme Galang's January 2021 opinion regarding Plaintiff's ability to work. The ALJ rejected these findings because Galang supported her findings solely based on Plaintiff's cervical spine condition. *Id. citing id.* The ALJ also found internal contradictions in Galang's report as Galang found Plaintiff to have a steady gait, coordinated balance, and the ability to squat and walk on his toes and heels. *Id. citing id.* The ALJ determined Galang's opinion to be inconsistent with the entirety of the medical record. *Id. citing* AR 696-697, 834, 838-840, 843-846, 1169-1172.

        The ALJ evaluated Dr. Browning's May 2019 opinion in which she stated Plaintiff had cognitive deficits, memory deficits, comprehension difficulties impairing his ability to follow instructions, and ability only to perform simple repetitive tasks, would require a high level of supervision with verbal prompts and reminders, and cashiering and taking inventory should not be

---

[3] The ALJ found the opinions of State agency medical consultants Drs. Jon Arnow and J. Pham to be partially persuasive and the opinions of State agency psychological consults Drs. Alredo Amezaga and F. Mateus to be not very persuasive. AR 46-47. The ALJ found the opinion of Kynaydia Nelson to be unpersuasive. AR 48. Plaintiff does not dispute the conclusions of the ALJ concerning these medical opinions.

part of his job duties. AR 47-48 *citing* AR 663. The ALJ noted that while Dr. Browning's observations were supported by significant explanation, Dr. Browning also stated a possibility of exaggeration of complaints and problems by Plaintiff and that her "interpretive hypotheses … could over-represent the extent and degree of significant test findings." AR 48 *citing* AR 662. For this reason, along with the lack of objective evidence in the record to support Dr. Browning's findings, the ALJ concluded that Dr. Browning's opinion was "only a little persuasive." *Id.*

The ALJ issued her RFC, quoted *supra* at 4, after discussing the VE's testimony, concluding Plaintiff was not under a disability, as defined by the Act, from May 19, 2019 through the date of her decision. AR 51.

E.   **Analysis**.

  1.   The ALJ Committed No Error When Analyzing Galang and Browning's Opinions.

Plaintiff contends the ALJ erred (1) by impermissibly ignoring the part of Galang's May 2019 opinion that Plaintiff could work no more than thirty hours per week, and (2) by improperly discounting the medical opinion of Dr. Browning when the ALJ ignored Plaintiff's psychological test results and self-reports. ECF No. 21 at 9-10, 15.

Cases filed on or after March 27, 2017, as Plaintiff was, are governed by current regulations requiring the ALJ to consider "supportability" and "consistency" as the main factors in determining persuasiveness of medical opinions and findings. 20 C.F.R. § 404.1520c(2). An ALJ may not find a medical opinion unpersuasive based only on "sheer disbelief" of the medical opinion. *Timpone v. Kijakazi*, Case No. 18-55155, 2022 WL 1599128, at *1 (9th Cir. May 20, 2022), *citing Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Instead, an ALJ must provide a "specific and legitimate reason" to discount a treating physician's opinion. *Id.* (citation omitted). "[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).

"[A]n ALJ may reject a treating physician's opinion if it is brief, conclusory, and inadequately supported by clinical findings." *McElfresh v. Commissioner of Social Security*, Case No. 1:21-cv-01481-SAB, 2022 WL 17812861, at *20 (E.D. Cal. Dec. 19, 2022) (citations omitted).

Under Ninth Circuit precedent, "the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." *Ford*, 950 F.3d at 1155 (citations omitted).

The ALJ properly discounted the portion of Galang's opinion because it was conclusory and the proffered limitations were not explained or supported by Galang's findings. In addition, even if Galang had offered additional support for her opinions, the thorough nature of the ALJ's overall analysis of the entire medical record, along with the specificity of Plaintiff's RFC, demonstrates the ALJ did not find the part time limitation to be supported by record evidence. It is not the role of the Court to second guess a reasonable interpretation of the evidence in the record, as is the case here. *Todd v. Saul*, 822 Fed.Appx. 613, 615-616 (9th Cir. 2020) (citation omitted). For these reasons, the ALJ did not err in her discounting of the singular portion of Galang's May 2019 opinion regarding Plaintiff's ability to work either full time or part time. Further, even if the ALJ failed to specifically address the part time limitation, such an error would be harmless.[4]

The ALJ committed no error when finding Dr. Browning's medical opinion was only "a little persuasive." AR 48. Substantial evidence supports the ALJ's discounting of Dr. Browning's opinions given the doctor calls into question the accuracy of Plaintiff's objective personality test. AR 662 ("there are indications that … [Plaintiff] endorsed items that present an unfavorable impression … the interpretive hypotheses presented in this report could overrepresent the extent and degree of significant test findings…."). "Evidence that a claimant exaggerated his symptoms is a specific, legitimate reason to reject the doctor's conclusions." *Gopher v. Commissioner of Social Security*, 281 F.Supp.3d 1102, 1117 (E.D. Wash. 2017), *citing Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *see also Rebensdorf v. Berryhill*, 773 Fed.Appx. 874, 877 (9th Cir. 2019) (holding that a Plaintiff's exaggerations are legitimate grounds to discount the opinion of a physician); *Juanita C. v. Commissioner of Social Security*, Case No. C22-5205-SKV, 2022 WL 18587796, at *2 (W.D. Wash. Dec. 7, 2022) (finding appropriate an ALJ's concluding a medical

---

[4] The Ninth Circuit holds a harmless error occurs "where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout*, 454 F.3d at 1055. An error is construed to be harmless "if the agency's path may reasonably be discerned," even if the agency "explains its decisions with less than ideal clarity." *Alaska Department of Environmental Conserv. v. EPA*, 540 U.S. 461 (2004). Here, the ALJ's analysis of Plaintiff's impairments was thorough and reasonable. Any failure to reference the part time finding by Galang was harmless.

12

opinion only "somewhat persuasive" on several grounds, among them that the administered test results were questionable).

Further, the ALJ found several instances in the record that contradicted Dr. Browning's proposed limitations. AR 48. The ALJ cited visits from mid-2018 to early 2021 by Plaintiff to the Human Behavior Institute in Las Vegas where the treating physicians documented mostly normal or appropriate signs of mental status. *Id. citing* AR 724, 730, 733, 736, 913, 916, 919, 926, 929, 932, 935, 940, 1119. The ALJ also referenced an examination in May 2019 by the Bureau of Vocational Rehabilitation in which it noted Plaintiff had a history of transferable skills and could use those skills in a job requiring no new training or minimal new training. AR 40 *citing* 1136. And, the ALJ incorporated some of Dr. Browning's recommendations when formulating Plaintiff's RFC requiring Plaintiff to be "limited to tasks that can be learned in three to six months" and that he have "frequent contact with supervisors." AR 40. Based on this record, the Court finds the ALJ committed no error in her discounting of Dr. Browning's opinion.

The Court's role is not to second guess the ALJ's determination even if there is more than one interpretation of the evidence that could have been made. *Todd*, 822 Fed.Appx. at 615-616. As the Ninth Circuit instructs, "to be clearly erroneous, a decision must … strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Ocean Garden, Inc. v. Marktrade Company, Inc.*, 953 F.2d 500, 502 (9th Cir. 1991). This standard does not yield the result Plaintiff seeks.

IV.   **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion for Reversal and Remand (ECF No. 21) is DENIED.

IT IS FURTHER ORDERED that Defendant's Cross-Motion to Affirm (ECF No. 22) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must enter judgment in favor of Defendant and close this case.

DATED this 9th day of May, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

13